IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | |
|---|---|
| Bankers Insurance Company, | ) |
| | ) C/A No. 2:09-1292-MBS |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) **OPINION AND ORDER** |
| Ansel Coker and Bruce Ward, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Plaintiff Bankers Insurance Company brought this action pursuant to the Declaratory Judgment Action, 28 U.S.C. §§ 2201 on May 18, 2009. Plaintiff alleges that it issued a homeowner's insurance policy (the "Policy") to Defendant Bruce Ward. On or about August 28, 2008, Ward was in a physical altercation with Defendant Ansel Coker.[1] Plaintiff seeks a declaration that the injuries sustained by Coker are not covered under the Policy, and that Plaintiff owes no duty to defendant or indemnify Ward in connection with the August 28, 2008 incident.

This matter is before the court on Plaintiff's motion for summary judgment, which motion was filed on January 4, 2010 (Entry 23). Ward filed a response in opposition on January 18, 2010. The court held a hearing on April 20, 2010.

I. FACTS

According to Ward, on August 28, 2008, he was taking a shower and as he was drying off he heard his son, Chad, talking to his (Ward's) wife. Entry 23-3 (Deposition of Bruce A. Ward), 4.

---

[1]The court has been informed that Ward recently pleaded guilty to assault and battery of a high and aggravated nature in Georgetown County, South Carolina.

Chad stated that he and Coker had driven past each other and Coker's truck had hit the mirror on Chad's truck. Id. According to Ward, Chad stated that he followed Coker to talk about the incident. However, Coker threatened Chad with a machete and told him to go home. Id. Ward got dressed and got into his truck with Chad to locate Coker. Id. Coker's truck was not at his house. Ward continued looking for Coker until he located Coker at a workshop behind the home of Bubba Young. Id. Ward walked into the workshop and saw Coker and Young. According to Ward, he stated "Why did you pull a knife on my boy?" and Coker stated "What about it?" Id. at 6.

Coker is approximately 20 years older than Ward, 18 inches shorter, and 100 pounds lighter. Id. at 7. Coker started to walk toward Ward. Ward was mad by this point in time. Id. at 8. Ward punched Coker in the face and knocked him several feet against a tool box or work bench. Id. at 10. Ward thereafter hit Coker in the face another four or five times. Id. Ward hit Coker hard. Id. at 11. Ward hit Coker hard enough to break two fingers of his own hand. Id. at 12. Ward felt threatened by Coker even though Coker was not carrying any weapons, did not state he was going to punch or fight Ward, did not make any threatening gestures toward Ward, and did not raise his fists toward Ward. Id. at 10, 14-15. Young stepped in and told Ward to stop, he was going to kill Coker. Id. at 15. Ward did not feel that his son was in danger. Id. at 16. As Ward left, he told Coker, "if you ever hurt my boys I'll kill you." Id. Ward never had a cross word with Coker, had never known him to hit anybody. Id. at 21. Coker had never thrown a punch at Ward. Id. at 40.

## II. DISCUSSION

Plaintiff has moved for summary judgment pursuant to Fed. R. Civ. P. 56. Rule 56 provides that summary judgment shall be granted when a moving party has shown "[that] the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,

2

show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The evidence presents a genuine issue of material fact if a "reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). The moving party bears the burden of proving that there are no facts from which a jury could draw inferences favorable to the non-moving party. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

## Law/Analysis

Plaintiff asserts that the injuries inflicted by Ward are excluded from coverage under the Policy because they were intentional and because Ward was not acting in self-defense. The court agrees.

The Policy covers "occurrences" that result in "bodily injury." Entry 23-5, 3. An "occurrence means an accident . . . ." Id. The policy excludes bodily injury that "is expected or intended by an 'insured' . . . ." Id. at 5. However, the exclusion does not apply to "'bodily injury' resulting from the use of reasonable force by an 'insured' to protect persons or property." Id.

Ward admitted in his deposition that he deliberately hit Coker. Entry 23-3, 13. Thus, there was no "occurrence" subject to coverage under the Policy. The question becomes, then, whether Ward used reasonable force acting in self-defense so that the exclusion for intentional acts would not apply.

The elements of self-defense are: (1) the defendant must be without fault in bringing on the difficulty; (2) the defendant must have been in actual imminent danger of losing his life or sustaining serious bodily injury, or he must have actually believed he was in imminent danger of losing his life or sustaining serious bodily injury; (3) if his defense is based upon his belief of imminent danger,

defendant must show that a reasonably prudent person of ordinary firmness and courage would have entertained the belief that he was actually in imminent danger and that the circumstances were such as would warrant a person of ordinary prudence, firmness, and courage to strike a blow in order to save himself from serious bodily harm or the loss of his life; and (4) the defendant had no other probable means of avoiding the danger. State v. Day, 535 S.E.2d 431, 434 (S.C. 2000) (citing State v. Bryant, 336 S.C. 340, 520 S.E.2d 319 (1999)).

In this case, Ward was not without fault in bringing about the incident. He left his residence with his son in an effort to locate Coker. Upon finding Coker, he did not attempt to reason or talk or even argue with Coker, but hit Coker in the face with full force as soon as Coker was within reach. Ward concedes that all Coker did was take a step toward him. Ward admitted that Coker was not carrying any weapons, made no verbal threats, made no threatening or obscene gestures toward Ward, and that they had not had physical altercations in the past. In the court's view, no reasonable jury would find that Ward was in actual imminent danger or actually believed he was in imminent danger of losing his life or sustaining serious bodily injury. Further, no reasonable jury would find that a reasonably prudent person of ordinary firmness and courage would have entertained the belief that he was in imminent danger so that the use of physical force was necessary for self-defense.

### III. CONCLUSION

For the reasons stated, Plaintiff's motion for summary judgment (Entry 23) is **granted.** The court declares that the injuries sustained by Coker are not covered by the Policy because the injuries were not the result of an "occurrence," as that term is defined under the Policy. The court further declares that Plaintiff has no duty to defend or indemnify Ward in connection with the incident of

August 28, 2008.

    **IT IS SO ORDERED**.

                                              /s/ Margaret B. Seymour
                                              United States District Judge

Columbia, South Carolina

May 28, 2010.